IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN SHEPPARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | NO. 15-3279 |

## ORDER

**AND NOW**, this 31st day of May, 2016, upon consideration of Plaintiff's Memorandum of Law in support of his Request for Review (Docket No. 10), Defendant's Response thereto, Plaintiff's Reply Brief, the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa (Docket No. 14), and Plaintiff's Objections thereto (Docket No. 15), **IT IS HEREBY ORDERED** as follows:

    1.    Plaintiff's Objections are **OVERRULED**.[1]

---

[1] The ALJ denied Plaintiff's request for disability benefits, finding that Plaintiff suffers from three severe impairments, i.e., degenerative disc disease of the cervical spine, nonunion of a cervical fusion, and Addison's disease, but that Plaintiff is not disabled because his impairments do not meet or equal any listed impairments and he has the residual functional capacity ("RFC") to perform unskilled light work with limitations. In his Request for Review, Plaintiff argues, inter alia, that the ALJ erroneously failed to discuss any limitation imposed by Plaintiff's Addison's disease in her RFC analysis, and failed to consider and weigh the medical opinion of Dr. Mary L. Miller, an agency examiner, who opined that Plaintiff was only capable of sedentary work. In her Report and Recommendation, Magistrate Judge Caracappa recommends that we deny Plaintiff's claims, reasoning that the ALJ incorporated all credibly-established limitations into Plaintiff's RFC, including all credibly-established limitations discussed by Dr. Miller. Plaintiff now objects to the R&R, reiterating his argument that the ALJ did not explicitly acknowledge any limitations associated with his Addison's disease and did not explicitly consider and discuss Dr. Miller's recommendation that he was only capable of sedentary work. Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence. Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). We review de novo those portions of the Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1).

Plaintiff first objects that the Magistrate Judge erroneously failed to recommend that we find error in the ALJ's failure to discuss any limitation arising exclusively from Plaintiff's Addison's disease in her RFC analysis, in spite of the ALJ's conclusion that the disease constituted

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. Plaintiff's Request for Review is **DENIED**.

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

a severe impairment.  In advancing this argument, however, Plaintiff does not identify any record evidence of a limitation arising from his Addison's disease that the ALJ failed to consider.  Under these circumstances, we agree with the Magistrate Judge that the ALJ properly considered all credibly-established limitations arising from Plaintiff's Addison's disease and overrule Plaintiff's objection to that aspect of the R&R.

Plaintiff next objects that the Magistrate Judge erroneously recommended that the ALJ's failure to address Dr. Miller's conclusion that Plaintiff's impairment limited him to sedentary work was harmless.  (See R. 69-70.)  According to Plaintiff, the failure to address that conclusion was not harmless, because Medical Vocational Rule 201.14 explicitly provides that in individual like Plaintiff -- that is, a 50-55 year-old, skilled or semi-skilled high school graduate, with non-transferable skills, who is limited to sedentary work -- is necessarily disabled.  However, the Magistrate Judge did not find the ALJ's failure to address the sedentary limitation to be harmless based on an understanding that limiting Plaintiff to sedentary work would not affect the disability analysis.  Rather, the Magistrate Judge recommended that the ALJ's failure to address Dr. Miller's sedentary limitation was harmless because that limitation was in direct conflict with Dr. Miller's other findings that Plaintiff could occasionally lift and carry twenty pounds, could frequently lift and carry ten pounds and could stand and/or walk for six hours in an eight-hour workday.  (R. 68; see 20 C.F.R. § 404.1567 (stating that "[s]edentary work involves lifting no more than 10 pounds at a time" and only occasional walking and standing)).  Moreover, as both the ALJ and Magistrate Judge noted, a second agency examiner, Dr. Minaben Patel, concluded that Plaintiff could engage in light work and, thus, there was substantial evidence to support the ALJ's conclusion in that regard.   (See R. 24-25, 279-80); Bryan v. Comm'r of Soc. Sec., 383 F. App'x 140, 145 (3d Cir. 2010) (stating that we may not "re-weigh the evidence or substitute our own judgment for that of the ALJ," and we must "uphold the Commissioner's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied." (citations omitted)).  Accordingly, on de novo review, we agree with the Magistrate Judge that the ALJ adequately supported his determination that Plaintiff could perform light work and that any failure to address Dr. Miller's determination that Plaintiff should be restricted to sedentary work was harmless.   We thus overrule Plaintiff's second objection to the R&R as well as the first, and we approve and adopt the R&R.